IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY OF LIVINGSTON,<br><br>    Plaintiff,<br><br>  v.<br><br>THE DOW CHEMICAL CO., et al.<br><br>    Defendants.<br>_____/ | No. C 05-03262 JSW<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |

Now before the Court is motion to remand this action to state court filed by Plaintiff the City of Livingston ("Plaintiff"). The Court finds the present motion appropriate for decision without oral argument and hereby VACATES the hearing set for October 7, 2005. *See* Civil L.R. 7-1(b). Having carefully reviewed the parties' papers, considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby GRANTS Plaintiff's motion to remand.[1]

**BACKGROUND**

Plaintiff originally filed this action in San Francisco Superior Court on July 6, 2005, asserting claims for strict product liability, nuisance, trespass, negligence, violation California Civil Code § 1882, and unfair competition under California Business and Professional Code § 17200. Plaintiff allege that the defendants contaminated its drinking water supply with trichloropropane ("TCP"), and that the defendants are liable under state law based, *inter alia*, on

---

[1] The Court HEREBY GRANTS Plaintiff's request for judicial notice.

1  their failure to provide adequate warnings regarding the dangers of TCP.  (Complt. at ¶¶ 1, 62-
2  64, 75, 85, 95, 112.)
3      On August 10, 2005, Defendants the Dow Chemical Company, Dow Agrosciences,
4  LLC, and Shell Oil Company d/b/a Shell Chemical Company (collectively, "Defendants")
5  removed this case from the San Francisco Superior Court.  Defendants contend there are two
6  grounds for removal: (1) Plaintiff's complaint raises a substantial question federal of federal
7  law; and (2) Defendants' conduct at issue was done under the direction of a federal officer.[2]
8  Plaintiff moves to remand this action, arguing that Defendants have not demonstrated a basis for
9  removal.  Plaintiff also moves for removal-related fees and costs pursuant to 28 U.S.C. §
10 1447(c).

## ANALYSIS

### A.  Legal Standards Relevant to Removal Jurisdiction.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending." *Franchise Tax Board of California v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 7-8 (1983) (citation omitted).  *See also* 28 U.S.C. § 1441.  However, federal courts are courts of limited jurisdiction.  *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Accordingly, the burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction.  *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).[3]  "Federal

---

[2] In its opposition brief, Defendants withdrew their contention that removal was proper under 28 U.S.C. § 1442(a)(1) based on federal regulation of the TCP content of its products and that removal was proper under 28 U.S.C. § 1442(a)(2).  (Opp. Br. at 4.)

[3] The Court rejects Defendants' arguments that removal statutes are no longer strictly construed against removal or that Defendants do not bear the burden to demonstrate that removal is proper.  Defendants cite *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691 (2003) and *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1 (2003) for these propositions, but these cases are inapposite.  The Court in *Breuer* construed the phrase "[e]xcept as otherwise provided by Act of Congress" in 28 U.S.C. § 1441(a), which provides that any civil action in

*United States District Court*
*For the Northern District of California*

jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566.

### B. Federal-Question Jurisdiction Does Not Arise Under Plaintiff's Well-Pled Complaint.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule.'" *Caterpillar Inc. v. Williams*, 482 U.S. 382, 392 (1987). The well-pleaded complaint rule recognizes that the plaintiff is the master of his or her claim. "[H]e or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* Thus, under the well-pleaded complaint rule, federal-question jurisdiction arises where the "complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 27-28 (1983). A court cannot exercise removal jurisdiction, however, on the ground that the complaint gives rise to a potential or an anticipated defense that might raise a federal question, even if the defense is the only question truly at issue in the case. *Id*. at 10, 14; *see also Caterpillar*, 482 U.S. at 393 ("[I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.") (emphasis in original).

It is undisputed that absent complete-preemption, which is not at issue here, the mere availability of defenses under federal law does not provide a basis for removal. (Opp. Br. at 3.) Rather, Defendants argue that this matter was properly removed because the state-law claims in Plaintiff's amended complaint implicate significant federal issues. Federal-question jurisdiction may be invoked when a plaintiff pleads a state-law claim that "necessarily raise[s] a stated

---

which district courts have original jurisdiction may be removed "[e]xcept as otherwise provided by Act of Congress." The Court merely held that where it is clear that an action could have been brought originally in federal court, a statutory prohibition on removal must be express. *Breuer*, 538 U.S. at 694-96. In *Beneficial*, the Court held that removal was proper because §§ 85 and 86 of the National Bank Act wholly displaced the state-law cause of action through complete preemption. *Beneficial*, 539 U.S. at 10-11. Neither issue, whether a statute provides an express prohibition to removal or whether Plaintiff's state-law claims are completely preempted, is relevant here.

3

federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, -- US --, 125 S.Ct. 2363, 2368 (2005). According to Defendants, the Supreme Court's opinion in *Bates v. Dow AgroSciencies LLC*, -- US --, 125 S.Ct. 1788 (2005), demonstrates that Plaintiff's state-law claims for labeling violations based on the failure to warn necessarily raise disputed and substantial federal issues. The Court disagrees.

In *Bates*, the Supreme Court merely held that in determining whether a state-law claim imposing labeling requirements is preempted by § 136v(b) of the Federal Insecticide, Fungicide, and Rodenticide Act, 7 U.S.C. § 136 *et seq*. ("FIFRA"), a court should determine whether the state law imposes equivalent requirements as federal law. *Bates*, 125 S.Ct. at 1800, 1802. The Court did not address whether a state-law claim regarding labeling requirements was removable. Moreover, the Court clarified that: "States have ample authority to review pesticide labels to ensure that they comply with both federal and state labeling requirements. Nothing in the text of FIFRA would prevent a State from making the violation of a federal labeling or packaging requirement a state offense, thereby imposing its own sanctions on pesticide manufacturers." *Id*. at 1797. The *Bates* Court further clarified that a "state law need not explicitly incorporate FIFRA's standards as an element of a cause of action in order to survive pre-emption." *Id*. at 1800.

Defendants point to the following language in *Bates* to argue that federal "misbranding" is a necessary and embedded element of Plaintiff's state-law label claims: "If a case proceeds to trial, the court's jury instructions must ensure that the nominally equivalent labeling requirements are *genuinely* equivalent. If a defendant so requests, a court should instruct the jury on the relevant FIFRA misbranding standards." *Id*. at 1804 (emphasis in original). However, the *Bates* Court made this comment in the context of explaining how a court should adjudicate the issue of preemption. That is quite different from holding in the first instance, even if preemption is not raised, that a state-law labeling claim can only be adjudicated by first construing FIFRA. Given that Defendants bear the burden of establishing federal jurisdiction

4

for purposes of removal and that all doubts are construed against removal, the Court finds that this analysis in *Bates* is insufficient to demonstrate as a matter of law that Plaintiff's state-law claims for labeling violations based on the failure to warn *necessarily* raise federal issues. FIFRA only becomes an issue in this case if Defendants raise preemption as a defense. Accordingly, Defendants have not demonstrated that federal subject matter jurisdiction provides a basis for removal.

### C.     Federal Officer Removal Does Not Provide A Basis For Removal.

Alternatively, Defendants argue this matter was properly removed pursuant to 28 U.S.C. § 1442(a)(1), the "federal officer" removal statute, because they were subject to extensive federal regulations. Section 1442(a)(1) allows removal by "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue." 28 U.S.C. § 1442(a)(1). A private litigant may invoke Section 1442(a)(1) to remove a case, but only if it can "(1) demonstrate that it acted under the direction of a federal officer; (2) raise a colorable defense to plaintiffs' claims; and (3) demonstrate a causal nexus between plaintiffs' claims and acts it performed under color of federal office." *Fung v. Abex Corp,* 816 F. Supp. 569, 571-72 (N.D. Cal. 1992) (citing *Mesa v. California,* 489 U.S. 121, 124-25, 134-35 (1989)).

Other district courts have already examined this exact issue and determined that merely being subject to federal regulations, even if extensive, is insufficient to demonstrate that a private litigant "acted under the direction of a federal officer." *Holiday Shores Sanitary Dist. v. United Agri Prods., Inc.*, Case No. 04-689-MJR (S.D. Ill. March. 28, 2005) (Request for Judicial Notice ("RJN"), Ex. 5); *Tellez v. Dole Food Co., Inc.*, Case No. 04-03216 PA (C.D. Cal. June 18, 2004 (Plaintiff's RJN, Ex. 4); and *Pioneer Southern Inc. v. Dow Agrosciencies, LLC*, Case No. 03-cv-23-MJR (S,D. Ill. Aug. 20, 2003 (Plaintiff's RJN, Ex. 3). The court in *Pioneer Southern* held that the defendant could not demonstrate that it was acting "under the direction of a federal officer with respect to the conduct that forms the basis for Plaintiffs'

5

claims. The grant of an EPA registration does not constitute direction from the federal government to formulate the product in a certain way or to continue to sell the product for certain uses. Dow's actions with regard to its EPA registrations were determined by Dow." *Pioneer Southern* (Plaintiff's RJN, Ex. 3) at p.5. The Court in *Tellez* similarly rejected Dow's argument that by registering a product with the EPA and selling that product in conformity with FIFRA, including FIFRA's labeling requirements, it qualified as a person acting under an officer or agency of the United States. *Tellez* (Plaintiff's RJN, Ex. 4) at pp. 3-6. The Court finds these cases persuasive. Accordingly, the Court concludes that Defendants have not demonstrated that they were acting "under the direction of a federal officer" and thus, that they have not shown that removal is proper pursuant to Section 1442(a)(1). Therefore, the Court grants Plaintiff's motion to remand.

### D. Plaintiff's Request for Attorneys' Fees.

Pursuant to 28 U.S.C. Section 1447(c), Plaintiff requests an award of attorney's fees and costs incurred as a result of Defendants' allegedly improper removal. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). To determine whether to award costs and fees under Section 1447(c), this Court has a "great deal of discretion." *Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (9th Cir. 1993). Although it was not ultimately persuaded by Defendants arguments, the Court does not find that Defendants' removal was frivolous or motivated by bad faith. The Court therefore declines to exercise its discretion to award Plaintiff's fees and costs under Section 1447(c).

### CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion to remand and DENIES Plaintiff's request for costs and fees. The Court FURTHER ORDERS that the Case

Management Conference scheduled for October 7, 2005 is HEREBY VACATED. All further proceedings in this matter will be heard in State Court.

**IT IS SO ORDERED.**

Dated: October 5, 2005

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE